IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVE E. MORSE, | * | |
| | * | Civil Action |
| *Plaintiffs,* | * | No.: GJH-17-1331 |
| v. | * | |
| OFFICER JUSTIN TROJAN, et al. | * | |
| | * | |
| *Defendants*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## DEFENDANTS' MOTION IN LIMINE TO PRECLUDE ANY REFERENCE TO SPECULATIVE THEORIES AS TO MOTIVES FOR THE DEFENDANT'S ARREST OF THE PLAINTIFF

Defendant, Officers Justin Trojan and Jason Figueroa, by their attorneys, Chaz R. Ball and Schlachman, Belsky, Weiner, and Davey, P.A., respectfully request this Honorable Court to order the preclusion of any and all reference to speculative theories as to Officers Justin Trojan and Jason Figueroa's motives in arresting the Plaintiff, and as grounds, state the following:

1. On May 19, 2014 at approximately, on-duty Defendant Baltimore Police Department Officers Jason Figueroa and Justin Trojan took part in the arrest of Plaintiff Steve E. Morse at 10 East Ave. in Baltimore, Maryland.

2. As a result of that incident Plaintiff brought claims under § 1983 alleging excessive force, unlawful arrest, and malicious prosecution in violation of Plaintiff's Fourth and Fourteenth Amendment Rights.

3. On February 21, 2019, Plaintiff's expert Dr. Christopher Chapman, submitted a Rule 26 expert report in which he generally references and describe police policy theories, including but not limited to "Noble Cause Corruption," the "Code of Silence," "Contempt of Cop," and "Cover Arrest." Exhibit A, p. 11-12, 25-27.

1

4. "An expert may base an opinion on facts or data in the case that the expert has been made aware of or personally observed." FED. R. EVID. 801(c).

5. Pursuant to FED. R. EVID. 402, irrelevant evidence is not admissible.

6. Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequences in determining the action. FED. R. EVID. 401.

7. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting, or needlessly presenting cumulative evidence. FED. R. EVID. 403.

8. Reference to and description of theories as to why officers commit misconduct generally should not be allowed as part of Dr. Chapman's expert opinion.

9. Application to these theories to Officers Justin Trojan and Jason Figueroa's motives in arresting the Plaintiff would be at best speculative and are not the subject of an appropriate expert opinion.

WHEREFORE the Defendant respectfully requests this Honorable Court to order the preclusion of any and all reference to speculative theories as to Officers Justin Trojan and Jason Figueroa's motives in arresting the Plaintiff.

Respectfully submitted,

_____/s/_____
Chaz Ball (Fed. Bar No. 30044)
Schlachman, Belsky, Weiner & Davey, P.A.
300 E. Lombard Street, Suite 1100
Baltimore, Maryland 21202
Phone: (410) 685-2022
cball@sbwdlaw.com
*Attorney for Defendants*

CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of October, 2021, a copy of the foregoing Defendant's Motion in Limine was electronically filed with the United States District Court for the District of Maryland. All counsel of record are being served by the Court's electronic filing system or by first-class mail, properly addressed and postage prepaid.

                                                                                              /s/ Chaz Ball
                                                                                             Chaz Ball